IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03396-PAB-MEH

PAUL ALLEN,
SCOTT ARENDS,
WAYNE BETHURUM,
JEREMY LLOYD, AND
GARY SKAGGS,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

TOM CLEMENTS, Executive Director, Colorado Department of Corrections,
BURL McCULLAR, Director of the Sex Offender Treatment and Management Program, Colorado Department of Corrections, and
JANE/JOHN DOE(S), known to Defendants but presently unknown to Plaintiffs,

    Defendants.

## ORDER

Defendants have filed a Motion for a Protective Order Regarding Documents Submitted for the Court's *In Camera* Review [filed November 16, 2012; docket #52]. I held a hearing on this matter on November 9, 2012. I have also conducted an *in camera* review of the documents described below.[1] For the reasons discussed herein, I **grant** the motion.

In this Section 1983 lawsuit, the convicted sex offender Plaintiffs allege that the State of Colorado denied them due process in failing to parole them in a timely fashion and, more particularly, failing to provide them with the required sex offender treatment as necessary for them to be paroled.

---

[1] Plaintiffs have expressed some concern with the efficacy of the Court conducting an *in camera* review in these circumstances. This is a procedure that the Tenth Circuit has endorsed. *E.g.*, *Usery v. Ritter*, 547 F.2d 528, 532 (10th Cir. 1977).

In the current dispute, Plaintiffs seek disclosure of documents that reveal the identity of a confidential informant. That informant supplied information concerning Plaintiff Scott Arends' conduct which was introduced at his termination hearing; such evidence, along with other evidence introduced by the prison, resulted in Arends being released from sex offender treatment,[2] treatment which is, as stated above, a prerequisite to his parole. Arends challenged his termination from sex offender treatment in state court, losing at the trial level and at the Colorado Court of Appeals (Arends may file a petition for writ of certiorari to the Colorado Supreme Court on or before December 13, 2012). Defendants object to release of this information based on an "official information" privilege.[3]

As Plaintiffs note, the issue of privilege in a federal question case is governed by federal law. Fed. R. Evid. 501. I believe the federal informer's privilege applies here. Its intent is to protect from potential reprisal those who offer their assistance to a government investigation. *In re Search of 1638 E. 2nd Street, Tulsa, Okla.*, 993 F.2d 773, 774 (10th Cir. 1993). A party seeking disclosure of an informer's identity can overcome the privilege when the identity of the informant or the contents of a communication are essential to "'a balanced measure of the issues and the fair administration of justice.'" *Id.* (citation omitted). A court is to determine whether a party's need for the information outweighs the government's entitlement to the privilege. *Id.* In a typical case a criminal defendant is seeking an informant's identity. In a civil case, the informer's privilege is stronger, "because the constitutional guarantees assured to criminal defendants are inapplicable. *Id.*

---

[2]According to the State of Colorado, Arends is on a waiting list for treatment and will be placed back into that program when it is his turn.

[3]Defendants also assert res judicata and collateral estoppel bar Plaintiff Arends from the claims he is making in this lawsuit and, thus, bar his access to this information. However, because I can decide this issue on a more narrow ground, I will not address this argument.

at 775. It is also strongest when, for example, disclosure "would undermine the public interest in free, candid and uninhibited exchange of information or jeopardize the physical security of an individual . . . ." *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 66 (1st Cir. 1984). Further, when it is possible for the court to redact information identifying the informant, the court should consider this alternative to completely shielding the documents from the seeking party. *Id.*

Here, I believe protection of the documents from disclosure to Plaintiffs is necessary. First, I do not believe the documents could be redacted in a way that would shield the informant's identity. Plaintiff Arends will know the identity of the informant by reading any degree of relevant information that I leave in a redacted copy. Second, Plaintiff Arends had a full and fair opportunity to litigate this issue before the state courts and, in fact, did so. He could have sought the documents there and, in any event, those courts determined the allegations against Arends to be well founded. I do not believe Arends can establish a substantial need for the documents in such a circumstance. There is a significant administrative record underlying Arends' conduct and dismissal from the sex offender treatment program, and that record is available to Arends. Thus, the need for protection of the identity of the confidential informant outweighs Arends' need for these specific documents here.

For these reasons, Defendants' Motion for a Protective Order Regarding Documents Submitted for the Court's *In Camera* Review [filed November 16, 2012; docket #52] is **granted**.

Dated this 14th day of December, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge